CARLSON v CITY OF TROY

Docket No. 78-2877. Submitted March 20, 1979, at Detroit.—Decided
     June 5, 1979.

     Harry E. Carlson and his wife Diane L. Carlson filed a complaint
     seeking a writ of mandamus to compel defendant, City of Troy,
     to approve an amended preliminary subdivision plat which the
     Troy city council had rejected. The preliminary plat was sub-
     mitted to the city council with the recommendation of the city's
     plan commission. The subdivision control ordinance for the City
     of Troy provided that a preliminary plat shall include: Indica-
     tion of how all parcels identified as "outlots" or "excepted" and
     as determined by the planning director, could be developed in
     accordance with the requirement of the existing zoning district
     while maintaining an acceptable relationship to the layout of
     the proposed preliminary plat. The city council denied approval
     on the grounds that the proprietor failed to indicate future
     subdivision plans for all lands owned by him. Defendant pre-
     sented no other reasons for rejection of the preliminary plat. A
     copy of the minutes containing this resolution was mailed to
     plaintiffs. Oakland Circuit Court, James S. Thorburn, J.,
     granted mandamus. The court's decision was based upon: (1)
     the city's failure to set forth its reasons for rejection in writing
     on the face of the preliminary plat, and (2) the rejection of
     plaintiffs' preliminary plat was not based upon any require-
     ment found in the Subdivision Control Act. Defendant appeals.
     *Held:*

          1. Failure to set forth in writing on the face of the plat the
     reasons for declining tentative approval of plaintiffs' prelimi-
     nary subdivision plat was not a violation of the Subdivision
     Control Act by defendant city; consequently, it was not a
     reason for granting mandamus. According to the language of
     the statute the noting of acceptance must be set forth on the
     preliminary plat itself while if the plat is rejected the govern-

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 64.
[2] 52 Am Jur 2d, Mandamus § 494.
[3, 4] 82 Am Jur 2d, Zoning and Planning § 167.
[5] 82 Am Jur 2d, Zoning and Planning § 166.

ing body is required to set forth in writing, not necessarily on the preliminary plat, its reasons for rejection and its requirements for tentative approval.

2. The mailing of the minutes of the city council meeting, which contained the rejection of plaintiffs' plat, satisfies the notice in writing requirement of the Subdivision Control Act.

3. Plaintiffs' real property, referred to as "all lands" in the Troy resolution, does not come within the definition of "outlots" or "excepted" real property contained in the city's subdivision control ordinance and was not a relevant permissible basis for rejection. Plaintiffs are not required to disclose future plans for their other property under the Subdivision Control Act, which governs local ordinances; therefore, the city's reasons for rejection of plaintiffs' preliminary subdivision plat and conditions for approval are outside of and in violation of the statute.

4. Defendant has not indicated good and sufficient reasons for denying approval, nor are defendant's requirements for tentative approval in conformance with the Subdivision Control Act. The grant of mandamus was proper.

Affirmed.

1. MANDAMUS — CONDITIONS FOR ISSUANCE — CLEAR LEGAL RIGHT — CLEAR LEGAL DUTY — MINISTERIAL ACT — BURDEN OF PROOF — JUDGE'S DISCRETION.

A writ of mandamus will issue only where a plaintiff has a clear legal right to performance of the specific duty sought to be compelled and a defendant has a clear legal duty to perform such act; the act must be a ministerial one and one where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

2. MANDAMUS — APPEAL AND ERROR — EVIDENCE — TRIAL COURT FINDINGS — ABUSE OF DISCRETION.

The Court of Appeals will not interfere with the granting of a writ of mandamus if there is evidence to support the trial court's findings; a trial court's ruling granting the issuance of a writ of mandamus will not be disturbed absent an abuse of discretion.

3. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT — PRELIMINARY SUBDIVISION PLATS — APPROVAL AND REJECTION — STATEMENT OF REASONS — STATUTES.

A section of the Subdivision Control Act provides that a govern-

ing body shall tentatively approve and note its approval on the copy of the preliminary plat within 90 days from the date of filing and return it to the proprietor, or set forth in writing its reasons for rejection and requirements for tentative approval; the last two clauses of the statute are independent clauses as is evidenced by the use of the disjunctive "or" which separates them; therefore, according to the language of the statute, if the preliminary plat is accepted, the noting of its acceptance must be set forth on the preliminary plat itself, but if the preliminary plat is rejected, the governing body is required to set forth in writing, not necessarily on the preliminary plat, its reasons for rejection and its requirements for tentative approval (MCL 560.112[2]; MSA 26.430[112][2]).

4. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT — SUBDIVISION PLATS — APPROVAL AND REJECTION — STATUTES.

An approving authority or agency having the power to approve or reject preliminary or final plats is required to condition approval upon compliance with, or base rejection upon, the provisions of the Subdivision Control Act and any ordinance or published rules of a municipality or county adopted to carry out the provisions of the subdivision statute (MCL 560.105, 560.106; MSA 26.430[105], 26.430[106]).

5. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT — MUNICIPAL SUBDIVISION ORDINANCES — SUBDIVISION PLATS — OUTLOTS OR EXCEPTED PROPERTY — PROPRIETORS — PROPRIETOR'S PROPERTY — FUTURE SUBDIVISION PLANS.

A municipal subdivision control ordinance which proposes a condition that a preliminary subdivision plat shall include an indication of how all parcels identified as "outlots" or "excepted", as determined by the planning director, cannot be the basis for rejection of a preliminary plat because of failure to indicate future subdivision plans for all lands owned by the proprietor, where all the lands of the proprietor do not come within the definition of "outlots" or "excepted" real property contained in the municipal ordinance, and the right to demand disclosure of the proprietor's plans for his other property does not appear in the Subdivision Control Act.

*Booth, Patterson, Lee, Karlstrom & Steckling,* for plaintiffs.

*William S. Wolanin,* for defendant.

Before: D. C. Riley, P.J., and M. J. Kelly and
Beasley, JJ.

Beasley, J. Plaintiffs sought a writ of manda-
mus to compel defendant City of Troy to approve
an amended preliminary plat which defendant,
through its city council, rejected. Plaintiffs alleged
that defendant violated § 106 and 112(2) of the
Subdivision Control Act of 1967.[1]

Defendant appeals of right the trial court's judg-
ment granting plaintiffs a writ of mandamus.

The record indicates that on March 28, 1978, the
plan commission of defendant city passed the fol-
lowing resolution:

"RESOLVED, that the Plan Commission hereby rec-
ommends to the City Council that Tentative Approval
be granted to the Preliminary Plat of Ironwood Subdivi-
sion (phases 1 and 2) subject of the following conditions:

"1. That the retention basin proposed in the north-
erly portion of the subdivision be located on lots which
do not abut the Scott Lands Subdivisions.

"2. That the northerly cul-de-sac be revised to extend
to the 200 foot strip exception extending to Livernois,
and that a potential platting configuration be shown for
that exception."

On April 24, 1978, the preliminary plat was
submitted to defendant's city council with the plan
commission recommendation. Plaintiffs' prelimi-
nary plat was discussed and the matter was ta-
bled.

On May 8, 1978, after further consideration,
defendant's city council denied approval of the
preliminary plat, as follows:

---

[1] MCL 560.106; MSA 26.430(106), MCL 560.112(2); MSA
26.430(112)(2).

"RESOLVED, that Tentative Approval of the Preliminary Plat for Ironwood Subdivision, located in the northeast one-quarter of Section 16, is hereby denied, because the proprietor fails to indicate future subdivision plans for all lands owned by said proprietor and adjoining the plat at the northeast corner and extending along the northern border of the Plat of Scott Lands, No. 2, from the extension of Elgin Street easterly to Livernois."

A copy of the minutes containing this resolution was mailed to plaintiffs on May 11, 1978. Defendant has presented no other reasons for rejection of the preliminary plat.

The requirements for issuance of mandamus are:

" 'Plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." 38 CJ, p 598.' *Toan v McGinn,* 271 Mich 28, 34; 260 NW 108 (1935). See also *Kortering v Muskegon,* 41 Mich App 153; 199 NW2d 660 (1972)."[2]

This Court will not interfere with the granting of mandamus if there is evidence to support the trial court's findings. Absent abuse of discretion, the trial court's ruling will not be disturbed.[3]

The trial judge's order granting the issuance of the writ of mandamus was based on his interpreta-

---

[2] *Hessee Realty, Inc v Ann Arbor,* 61 Mich App 319, 322; 232 NW2d 695 (1975).

[3] *South Looking Glass Drain District Board v Grand Trunk Western R Co,* 357 Mich 215; 98 NW2d 543 (1959).

tion of § 112(2) of the Subdivision Control Act of 1967,[4] which states:

"(2) The governing body, within 90 days from the date of filing, shall tentatively approve and note its approval on the copy of the preliminary plat to be returned to the proprietor, or set forth in writing its reasons for rejection and requirements for tentative approval."

The trial judge's interpretation of the statute is indicated by the following colloquy with the city attorney:

"THE COURT: You didn't put these reasons in writing on the preliminary plat, did you?

"MR. WOLANIN: The minutes of the council pursuant to affidavit presented by our City Clerk indicated these were transmitted to the plaintiff May 11.

"THE COURT: Forget being transmitted to the plaintiff.

"MR. WOLANIN: They were stated at the Planning Commission level.

"THE COURT: Let's assume they were.

"MR. WOLANIN: They were stated at—

"THE COURT: Look at the statute. It says the governing body within 90 days from date of filing shall tentatively approve and note its approval on a copy of the preliminary plat to be returned to the proprietor, or set forth in writing its reasons for rejection or requirements for tentative approval.

"MR. WOLANIN: Is the Court saying that the reasons for rejection must be submitted on his own preliminary plat?

"THE COURT: That's what it says.

"MR. WOLANIN: I don't believe that is the way the thing should be construed. All it does is require written notification of the reason for refusal.

"THE COURT: I think you have to read the whole sentence.

---

[4] MCL 560.112(2); MSA 26.430(112)(2).

"The Court is of the opinion the prayer should be granted. The Court will sign an order to that effect."

We do not believe the wording of § 112(2) intended the restrictive reading that the trial judge imposed. The last two clauses of the statute are independent clauses as is evidenced by the use of the disjunctive "or" which separates them.[5]

According to the language of the statute, if the preliminary plat is accepted, the noting of its acceptance must be set forth on the preliminary plat itself. However, if the preliminary plat is rejected, the last clause of § 112(2) comes into effect and requires the governing body to set forth in writing (not necessarily on the preliminary plat) its reasons for rejection *and* its requirements for tentative approval. Section 112(2) serves as a notice provision as is apparent from the mandatory language which sets forth the mechanics for approval and rejection.

Review of the Subdivision Control Act of 1967 in its entirety reveals good reason why *approval* of the preliminary plat must be made *"on the copy of the preliminary plat to be returned to the proprietor"*, while rejection need *not* be made *on* the copy of the preliminary plat although the reasons for objection must be in writing.

For example, under § 112(4), tentative approval gives the proprietor approval of "lot sizes, lot orientation and street layout for a period of one year". Under some circumstances, approvals must be obtained from the county road commission,[6] the county drain commission,[7] the state highway de-

---

[5] See, Cunningham, *Public Control of Land Subdivision in Michigan: Description and Critique,* 66 Mich L Rev 3, 41 (1967).

[6] MCL 560.113; MSA 26.430(113).

[7] MCL 560.114; MSA 26.430(114).

partment,[8] the water resources commission[9] and the health department having jurisdiction.[10] Each of the foregoing sections of the statute provide substantively as follows:

"* * * and note its approval on the copy to be returned to the proprietor, or reject it. If rejected, the reasons for rejection and requirements for approval shall be given the proprietor in writing."[11]

It is evident that while it is practical and important to have the approvals and the dates of approval on the face of the plat, it would be cumbersome and impractical to place on the face of the plat reasons for rejection and requirements for approval. If the Legislature had desired that undesirable result, it would have been easy to provide language to that effect, *e.g.,* "note its approval or rejection on the plat".

Thus, we find that failure to set forth in writing *on the face of the plat* the reasons for declining tentative approval was not a violation of the statute by defendant city and, consequently, was not a reason for granting mandamus. We further find that the mailing of the minutes of the city council meeting to the plaintiffs satisfies the notice in writing requirement of § 112(2). But, this is not to say that the *contents* of the resolution, *i.e.,* the reasons for denying tentative approval, fell within the permitted range of lawful reasons for denial.

Granting of mandamus by the trial court appeared to be based on two premises: (1) that defendant city failed to comply with § 112(2) and (2) that "rejection of Plaintiff's Preliminary Plat was

---

8 MCL 560.115; MSA 26.430(115).

9 MCL 560.117; MSA 26.430(117).

10 MCL 560.118; MSA 26.430(118).

11 See, MCL 560.113; MSA 26.430(113).

not based upon any requirement found in Section 105 of 1967 PA 288".

MCL 560.106; MSA 26.430(106) states:

"Sec. 106. No approving authority or agency having the power to approve or reject plats shall condition approval upon compliance with, or base a rejection upon, any requirement *other than those included in section 105.*" (Emphasis added; footnote omitted.)

Section 105 of the Subdivision Control Act of 1967, MCL 560.105; MSA 26.430(105), reads in pertinent part as follows:

"Sec. 105. Approval of preliminary and final plats shall be conditioned upon compliance with:
"(a) The provisions of this act.
"(b) Any ordinance or published rules of a municipality or county adopted to carry out the provisions of this act."

Subsections (c) through (g) which follow are not relevant here.

Pursuant to subsection (b) of § 105 of the act, defendant enacted ordinance number 41, which is the subdivision control ordinance for the City of Troy. Section 3.01(a)(4)(E) of this ordinance reads as follows:

"Proposed Conditions—Preliminary Plat Shall Include:

\*   \*   \*

"(E) Indication of how all parcels identified as 'outlots' or 'excepted' and as determined by the Planning Director, could be developed in accordance with the requirement of the existing zoning district while maintaining an acceptable relationship to the layout of the proposed preliminary plat."

Defendant argues that the reason for rejection of the preliminary plat was failure to comply with this ordinance. In denying tentative approval, the city council referred to the proprietor's (plaintiffs') failure "to indicate future subdivision plans for all lands owned by said proprietor and adjoining the plat at the northeast corner and extending along the northerly border of the plat of Scott Lands No. 2". This real property (referred to as "all lands" in defendant city's resolution) does *not* come within the definition of "outlots" or "excepted" real property contained in subsection (E) of the ordinance. Since § 106 of the statute limits the matters, or the subjects which may be a basis for rejection, the requirements for approval specified in defendant city's resolution must be within those specific matters delineated in § 105.

As indicated under its quoted ordinance, defendant city may only require platters to indicate future development of parcels designated as "outlots" or "excepted" real property, as the terms are used in subsection (E) of the ordinance. Thus, defendant city's resolution is not a relevant, permissible basis for rejection on this record. The stated reasons for rejection and conditions for approval are outside of and in violation of the statute.

In summary, while we do not believe that reasons for rejection of a proposed preliminary plat need to be set forth on the face of the plat, we find that, on this record, defendant has not indicated good and sufficient reasons under the cited statutes for denying approval, nor are the requirements for tentative approval in conformance with the statute. Therefore, the grant of mandamus was proper.

Affirmed, with costs.