OAKLAND COURT v YORK TOWNSHIP

Docket No. 66820. Submitted March 7, 1983, at Lansing.—Decided August 17, 1983.

Plaintiff, Oakland Court, a copartnership, submitted a subdivision plat to York Township, Washtenaw County, for approval. Part of the land affected was zoned for agricultural use, which plaintiff sought to have rezoned. The rezoning was denied and subsequently the township board denied approval of the subdivision plat on the basis of a township ordinance which prohibited approval of plats where any part of the affected land was in an agricultural zoning district. Plaintiff brought an action against the township and the township board seeking mandamus to compel the board to approve the proposed plat. The Washtenaw Circuit Court, William F. Ager, Jr., J., denied mandamus, and plaintiff appealed. *Held:*

Although the Subdivision Control Act of 1967 does not expressly require that a proposed plat fit within the applicable zoning classification, proper zoning is an implied precondition to approval of a plat. A party is not entitled to mandamus to compel approval of a proposed plat absent zoning which permits the proposed use.

Affirmed.

ZONING — SUBDIVISION PLATS — MANDAMUS.

Proper zoning is an implied precondition to the subdivision platting process; therefore, a party is not entitled to mandamus to compel approval of a plat unless, in addition to the express statutory conditions, the zoning district permits the proposed use.

*Ulrich, Pear, Barense, Eggan & Muskovitz, P.C.* (by *Edwin L. Pear),* for plaintiff.

*Reading & Etter* (by *Mark A. Reading),* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning §§ 328, 329.

Before: M. J. Kelly, P.J., and Gribbs and R. L.
Tahvonen,* JJ.

Gribbs, J. The plaintiff, Oakland Court, a Michigan copartnership, appeals from the denial of mandamus by the Washtenaw County Circuit Court. The plaintiff sought to compel the defendants, York Township and its elected governing board, to approve a preliminary subdivision plat.

The affected land was zoned part A-1 for agricultural use and part R-1 for residential. In May, 1979, the plaintiff submitted a preliminary plat to York Township for approval. In June, 1979, it asked to have the A-1 land rezoned to R-1. The rezoning was denied in August, 1979, and the preliminary plat was denied in January, 1980.

A December, 1979, zoning amendment, effective February, 1980, rezoned the entire affected land to A-2.[1] An amendment in November, 1981, provided that single-family residences could be erected on one-acre minimum lots if they were located on unplatted land or land platted before January 1, 1979.[2] A subdivision control ordinance prohibited approval of plats if any part of the land was in an agricultural district.[3] The York Township Board relied on this prohibition in denying approval of the plat.

The plaintiff argues that a subdivision control ordinance cannot prohibit the platting of land solely because of its current zoning classification. The Subdivision Control Act of 1967 provides that "[n]o approving authority or agency having the power to approve or reject plats shall * * * base a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] York Twp Zoning Ordinances, Art IV.

[2] York Twp Zoning Ordinances, § 4.11A.

[3] York Twp Subdivision Regulation Ordinance, § 100.7.

rejection upon, any requirement other than those included in section 105". MCL 560.106; MSA 26.430(106). Section 105[4] does not list as a condition for approval a requirement that the land fit within the applicable zoning classification. Despite this omission, we believe proper zoning is an implied precondition to the platting process. In § 182 of the statute,[5] the requirements for approval of a final plat by the municipal governing board are set forth; compliance with zoning laws is not mentioned, yet obviously a residential subdivision cannot be allowed in an area excluding residences. The same omission affects § 186.[6] If we were to accept the plaintiff's argument that the platting process must continue notwithstanding the zoning restriction, the Subdivision Control Act would supersede the zoning law. In effect, a municipality would be powerless to stop an otherwise proper plat in the wrong zoning district because the authority to reject a plat on zoning grounds is not expressly contained in the statute. We do not believe the Legislature intended this result.[7]

Even if the zoning ordinance is not superseded, other problems will result. Substantial time and effort goes into platting, much of it by governmental units.[8] Much of this would be wasted on a plan which, by law, might be impossible to carry out. We do not believe the Legislature intended this result either. We are also concerned about the

---

[4] MCL 560.105; MSA 26.430(105).

[5] MCL 560.182; MSA 26.430(182).

[6] MCL 560.186; MSA 26.430(186). Section 186 imposes conditions on the approval of final plats.

[7] See Cunningham, *Public Control of Land Subdivision in Michigan: Description and Critique,* 66 Mich L Rev 3, 38 (1967) (discussing pre-application review procedure under prior statutes).

[8] *E.g.,* MCL 560.112-560.118; MSA 26.430(112)-26.430(118) (submission of copies of preliminary plat to various state, county and municipal authorities for review).

possibility of land buyers being misled into believing their subdivision lots will be available for residential uses. Buyers rely on the subdivision plat to notify them of available facilities and some rights of ownership in the subdivision.[9] To our knowledge, the plat would not carry a general warning that the land is still zoned agricultural and that large-scale development is impossible. The plat would be an illusory development plan.

For these reasons, we hold that a party is not entitled to mandamus to compel approval of a plat unless, in addition to the express statutory conditions, the zoning district permits the proposed use. The York Township Ordinance does not exceed the conditions of the state law; instead, it expresses in no uncertain terms what is only implied in the statute.[10]

Affirmed.

---

[9] See Cunningham, 66 Mich L Rev at 42.

[10] The plaintiff's second argument is that the zoning ordinance, which sets a January 1, 1979, cut-off date, is invalid under the equal protection clause solely because it sets an "arbitrary" cut-off date. This frivolous argument fails to recognize that all laws have an arbitrary cut-off date. The plaintiff's remaining argument concerning uniformity is without merit.