EVERSDYK v WYOMING CITY COUNCIL

Docket No. 95973. Submitted January 12, 1988, at Grand Rapids. Decided March 8, 1988.

Peter Eversdyk submitted to the Wyoming, Michigan, planning commission a preliminary plat plan for development of a sixteen-acre parcel of land in Wyoming as an R-2 single family residential development. The commission unanimously granted tentative approval of the plat. Contrary to the commission's recommendation, however, the Wyoming City Council denied tentative approval of the plat because it was seeking to have the subject property rezoned from R-2 to R-1 single family residential and because it found deficiencies in the plat in three areas: (1) no information from the Department of Natural Resources as to whether the subject property qualified as a "wetlands" area; (2) failure to resolve the size and character of the retention basin, which would affect the size and configuration of five of the proposed lots; and (3) failure of an anticipated street grade to provide for adequate access to existing structures on adjoining properties not in the plat. Eversdyk filed a complaint against the Wyoming City Council and the Wyoming Chief Building Inspector in Kent Circuit Court seeking a writ of mandamus in Count I which would require the city council to grant tentative approval of his preliminary subdivision plat and to enjoin the council from further interfering with the proposed use of the property. In Count II, Eversdyk sought a writ of mandamus requiring the Wyoming Chief Building Inspector to issue a building permit. Plaintiff moved for summary disposition and defendants countered with a motion of their own for summary disposition. The court, George V. Boucher, J., denied plaintiff's motion as to Count I of his complaint, but granted the motion as to Count II. Plaintiff appealed from the denial of his motion as to Count I of his complaint.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Dedication §§ 42, 43; Mandamus §§ 4, 12; Municipal Corporations, Counties and Other Political Subdivisions § 496.

See the annotations in the Index to Annotations under Mandamus; Municipal Corporations.

The trial court's denial of plaintiff's motion for summary disposition as to Count I was improper. The Subdivision Control Act requires municipalities to approve a subdivision plat which complies with the statutory requirements set forth in the act, and a municipality cannot rely upon a reason not contained in § 105 of the act to deny preliminary plat approval. Defendant's reasons for rejecting plaintiff's preliminary plat are not among those contained in § 105. Plaintiff has sustained his burden of establishing a clear, legal duty on the part of defendant. The matter is remanded to the trial court for the issuance of a writ of mandamus compelling the Wyoming City Council to grant preliminary plat approval.

Reversed and remanded.

1. MANDAMUS — EQUITY.

A writ of mandamus will issue only where a plaintiff has a clear legal right to performance of the specific duty sought to be compelled and a defendant has a clear legal duty to perform such act; the act must be a ministerial one and one where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

2. MANDAMUS — APPEAL — EVIDENCE.

The Court of Appeals will not interfere with the granting of a writ of mandamus if there is evidence to support the trial court's findings; a trial court's ruling granting the issuance of a writ of mandamus will not be disturbed absent an abuse of discretion.

3. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT — PRELIMINARY SUBDIVISION PLATS.

The Subdivision Control Act requires municipalities to approve preliminary plats that conform to the standards set forth in the act (MCL 560.101 *et seq.*; MSA 26.430[101] *et seq.*).

4. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT — PRELIMINARY SUBDIVISION PLATS.

A municipality cannot rely upon a reason not contained in § 105 of the Subdivision Control Act to deny approval of a preliminary subdivision plat; neither the possibility of future rezoning nor lack of approval by the Department of Natural Resources is a valid basis for a city council to reject tentative approval of a preliminary subdivision plat (MCL 560.105, 560.112[2]; MSA 26.430[105], 26.430[112][2]).

*Mika, Meyers, Beckett & Jones* (by *Douglas A. Donnell*), for plaintiff.

*Howard & Quinn, P.C.* (by *Michael B. Quinn*), for defendant.

Before: G. R. McDonald, P.J., and Doctoroff and R. E. Robinson,* JJ.

Doctoroff, J. Plaintiff appeals as of right from the trial court's order that denied his motions for summary disposition on Count I of his complaint, MCR 2.116(C)(9) and (10), granted defendants' counter-motion for summary disposition on Count I, and granted his motion for summary disposition on Count II. We reverse.

This action arises out of plaintiff's proposed plat development of a sixteen-acre parcel of land in Wyoming, Michigan. The parcel of property is currently zoned by the City of Wyoming as R-2 single family residential. In the spring of 1986, the plaintiff submitted a preliminary plat plan to the Wyoming Planning Commission for development of the property as an R-2 single family residential development. The planning commission unanimously granted tentative approval of plaintiff's preliminary plat. The city council, contrary to the commission's recommendation, denied tentative approval of plaintiff's preliminary plat.

Plaintiff filed a complaint seeking a writ of mandamus in Count I that would require the city council to grant tentative approval of his preliminary subdivision plat and to enjoin the council from further interfering with the proposed use of the property. Plaintiff also sought a writ of mandamus in Count II requiring the Wyoming Chief Building Inspector to issue a building permit.

* Former circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff then filed a motion for summary disposition, MCR 2.116(C)(9) and (10). Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8). The court denied plaintiff's motion for summary disposition on Count I. Plaintiff's motion for summary disposition on Count II was granted and no appeal was taken.

On appeal, plaintiff argues that the trial court erred when it refused to issue a writ of mandamus compelling the Wyoming City Council to grant tentative approval of plaintiff's preliminary plat.

A motion for summary disposition based on GCR 1963, 117.2(2), now MCR 2.116(C)(9), requires a court to review only the pleadings, *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965), and when a material allegation is categorically denied, summary disposition under this section is improper. *Pontiac School Dist v Bloomfield Twp,* 417 Mich 579, 585; 339 NW2d 465 (1983). In its answer to plaintiff's complaint, defendant denied all allegations that the plaintiff had complied with the requirements of the Michigan Subdivision Control Act. Thus, summary disposition under MCR 2.116(C)(9) was properly denied.

Upon the filing of a motion for summary disposition premised upon MCR 2.116(C)(10), no genuine issue of material fact, the court is required to review the entire record to determine whether the nonmoving party has presented facts to support the claim or defense. Consequently, the trial court must look beyond the pleadings and consider affidavits, depositions, and interrogatories. In reviewing this evidentiary record, the trial court must give the benefit of any reasonable doubt to the nonmoving party in deciding whether a genuine issue of material fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 371-372; 207 NW2d 316 (1973). Before judgment may be granted, the trial court

must be satisfied that it is impossible for the claim asserted to be supported by the evidence at trial. *Huff v Ford Motor Co,* 127 Mich App 287, 293; 338 NW2d 387 (1983).

In *Carlson v City of Troy,* 90 Mich App 543, 547; 282 NW2d 387 (1979), this Court stated the requirements for a writ of mandamus:

> The requirements for issuance of mandamus are:
> " 'Plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." 38 CJ, p 598.' *Toan v McGinn,* 271 Mich 28, 34; 260 NW 108 (1935). See also *Kortering v Muskegon,* 41 Mich App 153; 199 NW2d 660 (1972)."
>
> This Court will not interfere with the granting of mandamus if there is evidence to support the trial court's findings. Absent abuse of discretion, the trial court's ruling will not be disturbed.

The Subdivision Control Act of 1967 (sca), MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*, requires municipalities to approve preliminary plats that conform to the standards set forth in the act. Specifically, § 106 of the sca, MCL 560.106; MSA 26.430(106), requires municipalities to approve a subdivision plat which complies with the statutory requirements, providing:

> No approving authority or agency having the power to approve or reject plats shall condition approval upon compliance with, or base a rejection upon, any requirement other than those included in section 105.

Section 105 of the sca, MCL 560.105; MSA

26.430(105), defines the conditions for approval of a preliminary plat:

> Approval of preliminary and final plats shall be conditioned upon compliance with:
> (a) The provisions of this act.
> (b) Any ordinance or published rules of a municipality or county adopted to carry out the provisions of this act.

By the provisions of § 106, a municipality cannot rely upon a reason not contained in § 105 to deny preliminary plat approval. This Court in *Carlson, supra,* p 552, expressly held:

> Since § 106 of the statute limits the matters, or the subjects which may be a basis for rejection, the requirements for approval specified in defendant city's resolution must be within those specific matters delineated in § 105. [See MCL 560.112(2); MSA 26.430(112)(2).]

If the rejection is improper, an action for mandamus is available. *Id.*

In its resolution, the city council stated:

> WHEREAS, the Wyoming City Council is presently proposing a resolution to the Wyoming Planning Commission to consider rezoning the subject property from its present R-2 Single Family Residential designation to an R-1 Single Family Residential designation which would be consistent with the 1984 South Wyoming Land Use Plan, present zoning of adjacent properties and Consistent with the desires and wishes of adjacent landowners and if the resolution to rezone the property from R-2 to R-1 is granted the plat, as it exists, may not meet the requirements of R-1 zoning under the Wyoming Code, and it further appears that the best interests of the developer and the citizens of the City of Wyoming will be resolved more appropri-

ately by first resolving the question of zoning of the subject property, and

WHEREAS, the Wyoming City Council is concerned that the Plat evidences serious deficiencies in the following areas:

1. The subject property contains extensive low, marshy area with no information having been received from the Michigan Department of Natural Resources as to whether it qualifies as a "wetlands" area.

2. The size and character of the retention basin has not been resolved; therefore, the size and configuration of Lots 4-8 cannot be approved.

3. The anticipated street grade of Beckie Drive at Ivanrest Avenue does not provide for adequate access to existing structures on adjoining properties not in the Plat.

Now, THEREFORE, BE IT RESOLVED, that the City Council does hereby deny Preliminary Plat-Tentative Approval to the Moonlight #1 Subdivision.

We shall first examine the city council's decision to consider rezoning of plaintiff's parcel from R-2 residential to R-1 residential as a reason for denying tentative plat approval.

At the time plaintiff submitted his preliminary plat for tentative approval, the subject property was zoned R-2 residential and is presently zoned as such. On June 16, 1986, the same day that the resolution set forth above denying tentative approval of the preliminary plat was adopted, the city council also adopted an additional resolution which requested the Wyoming Planning Commission to consider rezoning the subject property to R-1 residential so as to conform with the surrounding area, which is zoned R-1. Defendant's argument that proper rezoning is an implied precondition to the platting process is correct. See *Oakland Court v York Twp,* 128 Mich App 199; 339 NW2d 873 (1983). However, defendant's reliance on *Oak-*

*land Court* in support of its position is misplaced. In *Oakland Court,* we were confronted with the situation where the developer's proposed plat failed to conform with existing zoning of the property. This Court did not establish the proposition that *future* rezoning considerations are a proper basis for denial of the preliminary plat.

Further, § 105 of the SCA does not include the possibility of rezoning as one of the permissible conditions upon which to base a rejection. Section 105(b) specifically states that approval of preliminary plats shall be conditioned upon compliance with "any ordinance or published rule of a municipality or county adopted to carry out the provisions of this act." The proposed zoning in the case at hand has not been adopted, and thus is an impermissible reason to reject plaintiff's preliminary plat.

Defendant sets forth three other reasons upon which the rejection was based. As to the first reason, that "the subject property contains extensive low, marshy area with no information having been received from the Department of Natural Resources as to whether it qualifies as a 'wetlands' area," plaintiff was correct in arguing that defendant's concern as to whether the subject property is considered wetland by the Michigan Department of Natural Resources is not a permissible ground for denying tentative approval under the Wyoming city ordinance.

Section 70.8(1)(a)(3) of the Wyoming Subdivision Regulations[1] requires that, after tentative approval

---

[1] Section 70.8(1)(a) of the ordinance states:

> The proprietor, upon receiving tentative approval from the City Council, shall submit the Preliminary Plat to all authorities as required by the Subdivision Control Act, including, as appropriate, for approval or rejection:
> (1) Kent County Drain Commission

has been received from the city council for the preliminary plat, the plat must then be submitted to the DNR for review. Lack of DNR approval is not a valid basis for rejecting tentative approval of plaintiff's preliminary plat under MCL 560.105; MSA 26.430(105), nor is such rejection proper under the provisions of the Wyoming Subdivision Regulations.

The second reason advanced by the city council for its refusal to tentatively approve plaintiff's preliminary plat concerned "the size and character of the retention basin [which] has not been resolved." Defendant relies upon MCL 560.111(1); MSA 26.430(111)(1) as a proper basis for rejecting preliminary plat approval. This section provides:

> Before making or submitting a final plat for approval, the proprietor shall make a preliminary plat and submit copies to authorities as provided in sections 111 to 119. A preliminary plat shall show the name, location and position of the subdivision and the subdivision plan and layout in sufficient detail on a topographic map to enable a determination of whether the subdivision meets requirements for lots, streets, roads, and highways including drainage and floodplains.

Again, by its provisions, § 70.8(1)(a)(1) of the ordinance contemplates approval by the city council before submission of the preliminary plat to the Kent County Drain Commission. Further, we read

(2) Michigan Department of State Highways and Transportation

(3) Michigan Department of Natural Resources

(4) Michigan Water Resources Commission

(5) Michigan Health Department

Including for informational purposes:

(6) Kent County Plat Board

(7) All public utilities serving the area

(8) The Superintendent of the School District serving the area.

§ 111(1) as setting forth the requirements as to the contents of a preliminary report. The city council does not assert that plaintiff's preliminary plat was defective under § 111 of the sca, which would give rise to a violation of § 111(1) of the act and thereby provide a permissible condition upon which to deny tentative approval under § 105 of the sca. We conclude that the city council's second reason for denying tentative approval is not a permissible condition upon which to base a rejection pursuant to MCL 560.105; MSA 26.430(105).

As its third reason for denying tentative plat approval, the city council expressed a concern over "the anticipated street grade of Beckie Drive at Ivanrest Avenue [which] does not provide for adequate access to existing structures on adjoining properties not in the Plat." Defendant, again, relies upon MCL 560.111(1); MSA 26.430(111)(1) as a proper basis for rejecting preliminary plat approval. As indicated above, defendant's reliance upon § 111(1) of the act is misplaced.

A careful review of the record convinces us that the city council relied upon future rezoning as its main reason for denying plat approval. As indicated, MCL 560.105(b); MSA 26.430(105)(b) provides that approval of preliminary and final plats should be conditioned upon compliance with any ordinance or published rules of a municipality adopted to carry out the provisions of this act and authorizes a city to base a rejection only upon one of the enumerated conditions set forth in § 105. The possibility of future rezoning is not an "adopted ordinance" within the meaning of § 105. By its provisions, § 105 contemplates existing zoning. See *Oakland Court, supra.*

We therefore conclude that the court's denial of plaintiff's motion for summary disposition was improper. MCR 2.116(C)(10). Pursuant to this

Court's holding in *Carlson, supra,* p 552, the requirements for rejection specified in the defendant city council's resolution must be within the specific matters delineated in MCL 560.105; MSA 26.430(105). We therefore conclude that plaintiff has sustained his burden of establishing a clear, legal duty by defendant. See *Carlson, supra,* p 547; *Burger King Corp v Detroit,* 33 Mich App 382, 384; 189 NW2d 797 (1971).

Accordingly, we remand this matter to the trial court for the issuance of a writ of mandamus compelling the Wyoming City Council to grant preliminary plat approval.

Reversed and remanded.