SHELBY TOWNSHIP POLICE AND FIRE RETIREMENT BOARD v
SHELBY TOWNSHIP

Docket No. 100866. Submitted October 17, 1988, at Detroit. Decided
February 22, 1989. Leave to appeal applied for.

The Shelby Township Police and Fire Retirement Board brought
an action in Macomb Circuit Court seeking a writ of mandamus
to compel the Charter Township of Shelby and several of its
officials to increase the township's annual appropriation for the
township's police and fire department pension fund beyond an
amount sufficient to meet pension benefits payable for the fiscal
year of appropriation so as to insure the fund's actuarial
soundness. The court, Raymond R. Cashen, J., entered a judg-
ment in favor of defendants. Plaintiff appealed.

The Court of Appeals *held:*

A city, village, or municipality which maintains a fund for
the payment of pensions and other benefits payable pursuant to
the fire and police department pension and retirement act is
required by the act to make an appropriation each fiscal year
in an amount sufficient to pay all pensions due and payable for
that fiscal year to all retired members and beneficiaries. In this
case, defendants had satisfied that requirement and the trial
court did not err in granting a judgment in their favor.

Affirmed.

1. MANDAMUS — BURDEN OF PROOF.

A writ of mandamus will issue only where a plaintiff has a clear
legal right to performance of the specific duty sought to be
compelled and a defendant has a clear legal duty to perform
such act; the act must be a ministerial one and one where the
law prescribes and defines the duty to be performed with such
precision and certainty as to leave nothing to the exercise of
discretion or judgment.

REFERENCES

Am Jur 2d, Mandamus §§ 63 *et seq.*; Pensions and Retirement
Funds §§ 1608-1610, 1616-1618.
See the Index to Annotations under Contributions; Fire Department
and Firefighters; Mandamus; Pension and Retirement; Police and
Law Enforcement.

2. MUNICIPAL CORPORATIONS — FIRE AND POLICE DEPARTMENT PENSION AND RETIREMENT SYSTEMS — APPROPRIATIONS.

    A city, village, or municipality which maintains a fund for the payment of pensions and other benefits payable pursuant to the fire and police department pension and retirement act is required by that act to make an appropriation each fiscal year in an amount sufficient to pay all pensions due and payable for that fiscal year to all retired members and beneficiaries (MCL 38.552[2]; MSA 5.3375[9][2]).

*Neale, Stech & Hader* (by *Lewis R. Thumm*), for plaintiff.

*Richard C. Johnston,* for defendants.

Amici Curiae:

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Ronald R. Helveston* and *Alison L. Paton*), for Michigan State Fire Fighters Union.

*Ronald Zajac, P.C.* (by *Ronald Zajac*), for Michigan Association of Public Employee Retirement Systems.

Before: SULLIVAN, P.J., and MURPHY and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff Shelby Township Police and Fire Retirement Board sought a writ of mandamus in the Macomb Circuit Court to compel defendants to pay additional funds into plaintiff's pension system pursuant to MCL 38.559; MSA 5.3375(9). On February 4, 1987, the circuit court denied plaintiff's request. The court interpreted MCL 38.559; MSA 5.3375(9) as requiring defendant township to appropriate only sufficient funds to meet its contractual obligations for the fiscal year.

* Circuit judge, sitting on the Court of Appeals by assignment.

The township was not required to maintain the "actuarial soundness" of the retirement system, as urged by plaintiffs. Since defendant township had made the statutorily mandated minimum payment and had met all its contractual obligations, the court entered judgment in favor of defendants. Plaintiff now appeals as of right. We affirm.

Plaintiff argues that defendants have failed to comply with the fire and police department pension and retirement act, MCL 38.551 *et seq.*; MSA 5.3375(1) *et seq.* Plaintiff argues that defendants were obligated to make an additional assessment in accordance with an actuary's recommendation that more funds were necessary to insure the actuarial soundness of the pension fund. Thus, the trial court erred by denying plaintiff's petition for writ of mandamus.

A writ of mandamus is a writ issued by a court of superior jurisdiction, and can be directed to a municipality commanding the performance of a particular act within the municipality's ministerial duties. Blacks Law Dictionary (Rev 4th ed), p 1113. The requirements for issuance of mandamus are: (1) plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; (2) defendants must have the clear legal duty to perform such act; and (3) the act must be ministerial—"where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Carlson v City of Troy,* 90 Mich App 543, 547; 282 NW2d 387 (1979).

The dispute between the parties in the present case involves MCL 38.559(2); MSA 5.3375(9)(2),[1] which provides:

---

[1] Amended by 1987 PA 145, § 1, effective October 26, 1987. This amendment has no effect on our disposition in this case.

For the purpose of creating and maintaining a fund for the payment of the pensions and other benefits payable as provided in this act, the city, village, or municipality, subject to the provisions of this act, shall appropriate, at the end of such regular intervals as may be adopted, quarterly, semiannually, or annually, an amount sufficient to maintain actuarially determined reserves covering pensions payable or which might be payable on account of service performed and to be performed by active members, and pensions being paid retired members and beneficiaries. The appropriations to be made by the city, village, or municipality in any fiscal year shall be sufficient to pay all pensions due and payable in that fiscal year to all retired members and beneficiaries. In no event shall the amount of such appropriation in any fiscal year be less than 10% of the aggregate pay received during the said fiscal year by members of the retirement system unless by actuarial determination it is satisfactorily established that a lesser percentage is needed. All deductions and appropriations shall be payable to the treasurer of said city, village, or municipality and he or she shall pay the deductions and appropriations into the retirement system. Except in cities which are subject to the 15 mill tax limitation as provided by section 6 of article 9 of state constitution of 1963, the amount required by taxation to meet the appropriations to be made by cities, villages, and municipalities under the provisions of this act shall be in addition to any tax limitation imposed upon tax rates in such cities, villages, and municipalities by charter provisions or by state law subject to section 25 of article IX of the state constitution of 1963.

Plaintiff relies on the language requiring the municipality to appropriate "an amount sufficient to maintain actuarially determined reserves covering pensions payable or which might be payable." Plaintiff contends this section requires the munici-

pality to make appropriations to the pension fund such that it will cover projected payouts in the future. The actuary retained by plaintiff, pursuant to MCL 38.552(2); MSA 5.3375(9)(2), determined that, at its present rate of appropriation, the fund would not meet future needs. Defendants, however, contend that the statute requires only that the municipality make an appropriation sufficient to cover its payments to pensioners each fiscal year. The appropriation would fluctuate up and down each year to meet that particular year's projected needs. We agree with defendants.

A plain reading of the statute, the second sentence in particular, supports the township's position that the appropriations need only be sufficient to meet its obligations for the fiscal year. The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *Browder v Int'l Fidelity Ins Co,* 413 Mich 603, 611; 321 NW2d 668 (1982). The first criterion is the specific language of the statute. *Kalamazoo City Ed Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979). Here, if an actuarial study reveals that a greater sum will be required for the following year, the municipality is required by the statute to take appropriate action the following fiscal year. Nothing in the language of the statute indicates that it was the Legislature's intent to require the municipality to speculate as to the "actuarial soundness" of the retirement fund in the distant future.

The Michigan Supreme Court decided a similar issue in *Thiesen v Dearborn City Council,* 320 Mich 446; 31 NW2d 806 (1948), where the mayor of Dearborn vetoed the scheduled yearly payment to the municipal employee's retirement fund. The subject ordinance, which contained language similar to that of the instant statute, required the city

to make a yearly contribution sufficient "to provide payment of the . . . benefits to which members and beneficiaries may be entitled or are entitled to receive" and that "the council shall appropriate and the city shall pay such amount of contribution into the annuity reserve fund during the ensuing fiscal year." *Thiesen, supra,* p 450.

The *Thiesen* Court held that it was error for the trial court to issue a writ of mandamus directing the mayor to make additional payments into the fund. The ordinance, like the instant statute, required only that the annuity reserve fund be sufficient to meet that fiscal year's projected payout. Since the fund was sufficient to meet that year's projected payments, the mayor could properly veto the scheduled payment without violating the ordinance. *Thiesen, supra,* p 454.

In the present case, the municipality would be wise to plan for its future obligations, but a condition of "actuarial soundness" is not required by the statute. The statute requires only that the municipality meet its pension obligations for the fiscal year. Defendants have complied with the statute's requirement. Thus, the trial court properly entered judgment in defendants' favor.

Affirmed.