COLE'S HOME & LAND CO, LLC v CITY OF GRAND RAPIDS

Docket No. 258526. Submitted April 4, 2006, at Lansing. Decided May 9, 2006, at 9:00 a.m.

Cole's Home & Land Co., LLC; Robert Cole; and Edwin Ammerman brought an action in the Kent Circuit Court against the city of Grand Rapids and the Grand Rapids City Commission, challenging the city commission's rejection of the plaintiffs' proposed residential subdivision plat and seeking an order of mandamus compelling approval of the proposed plat. The court, George S. Buth, J., denied the plaintiffs' request for an order of mandamus and remanded the case to the city commission for an explanation of its refusal to approve the plaintiffs' plat. The Court of Appeals, MARKEY, P.J., and NEFF and SMOLENSKI, JJ., in lieu of granting leave to appeal, remanded the case to the trial court for the entry of an order denying the request for mandamus. The Court of Appeals also concluded that the trial court properly remanded the matter to the planning commission for an explanation of the denial of approval. Unpublished order entered March 17, 2003 (Docket No. 245879). The city commission amended its letter of rejection, and the plaintiffs moved to compel the city to provide an acceptable basis for rejecting the plat, arguing that the amended reasons for rejection did not fall within the reasons permitted by the Land Division Act (LDA), MCL 560.101 *et seq.* The trial court denied the plaintiffs' motion and granted summary disposition for the defendants, ruling that the city commission's decision had complied with the law, had a rational basis, and was supported by the record. The trial court denied the plaintiffs' motion for summary disposition, which motion was based on a claim that the defendants denied the plat application without authority or an appropriate basis. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court erred in determining that the city commission's rejection of the plaintiffs' proposed plat was permitted under the LDA. The rejection was not authorized by MCL 560.106 because it was not for a reason permitted by MCL 560.105. The Land Division Act confers on municipalities the power to approve or disapprove a proposed land division. MCL 560.109(1). MCL

560.106 allows rejection of a plat only in compliance with MCL 560.105. MCL 560.105(b) requires that approval of a plat be conditioned on compliance with any ordinance or published rules of a municipality adopted to carry out the provisions of the LDA. In this case, the Grand Rapids master plan, street classification policy, and street-calming program, which the defendants contended supported the rejection of the plaintiff's plat, are not ordinances or published rules of the city adopted to carry out the provisions of the LDA.

Reversed.

MUNICIPAL CORPORATIONS — LAND DIVISION ACT — PLAT PROPOSALS — REJECTIONS — ORDINANCES OR RULES.

A rejection by a municipality of a proposed residential subdivision plat must be based on reasons allowed by the Land Division Act; among such reasons is noncompliance with an ordinance or published rule of the municipality adopted to carry out the provisions of the act; a master plan, street classification policy, or street-calming program that is not an ordinance or rule adopted to carry out the provisions of the act may not serve as a basis for the rejection of a proposed plat (MCL 560.105[b], 560.106, 560.109).

*Burns Law Office* (by *Daniel L. Burns*) for the plaintiffs.

*Daniel A. Ophoff*, Assistant City Attorney, for the defendants.

Before: KELLY, P.J., and JANSEN and TALBOT, JJ.

PER CURIAM. In this case arising from the Grand Rapids City Commission's (city commission) rejection of plaintiffs' proposed residential subdivision plat, plaintiffs appeal as of right the trial court's order granting defendants' motion for summary disposition. We reverse.

## I. FACTS

Plaintiffs submitted a preliminary plat for the development of a residential subdivision to the city of Grand

Rapids for approval. The Grand Rapids Planning Commission (planning commission) passed a resolution granting tentative and final approval of the preliminary plat with a zoning condition. The zoning condition is not at issue. However, at the public hearing for the rezoning, neighbors expressed various concerns about increased traffic. The planning commission resolved to give tentative and final approval of the plat with a traffic-calming device at the northern intersection of Monticello Drive and Skyline Drive. The city commission then conducted a meeting resolving all issues except the traffic-calming device at this intersection. Plaintiffs objected to the use of a T-intersection because it would cause them to lose lots. They instead proposed a traffic circle that would cause drivers to slow down. The city commission denied approval of the preliminary plat without any reason. Subsequently, the city clerk informed plaintiffs that the application was denied because "[t]he consensus of the Committee was to request a revision to the street layout to provide an 'off set' of the proposed Monticello Drive and Skyline Drive."

Plaintiffs appealed the city commission's decision to the Kent Circuit Court. Plaintiffs' complaint also requested a writ of mandamus and alleged equal protection violations. Plaintiffs also filed a motion to show cause why a writ of mandamus should not issue. Plaintiffs contended that defendants rejected the plat but failed to provide a reason in writing as required by Grand Rapids Ordinances, § 5.332(a)(3). The trial court denied plaintiffs' request for a writ of mandamus, but ordered defendants to state a reason for their rejection of plaintiffs' plat. Plaintiffs filed a motion for reconsideration asserting that this was an improper expansion of the record. The trial court denied plaintiffs' motion.

Plaintiffs then filed an application for leave to appeal in this Court. In lieu of granting plaintiffs' application for leave to appeal, this Court remanded the case to the trial court for entry of an order dismissing plaintiffs' mandamus request. *Cole's Home & Land v Grand Rapids,* unpublished order of the Court of Appeals, entered March 17, 2003 (Docket No. 245879). This Court also determined that the trial court properly exercised its discretion as an appellate court by remanding the matter to the city commission for an explanation of its refusal to approve plaintiffs' plat request. *Id.*

The city commission subsequently amended its letter of rejection to state:

> The consensus of the Committee was that the proposed plat street layout would encourage higher speeds and cut-through traffic and reduce the quality of life of the established neighborhood. The consensus of the Committee was to request a revision to the street layout to provide a tee intersection at the proposed Monticello Drive and Skyline Drive, with the understanding that the plat meet the drainage requirements as established by the City of Grand Rapids. The Fire Chief has stated that this was acceptable from a fire safety standpoint. Plat changes to include the requested revised street layout providing for a tee intersection at Monticello Drive and Skyline Drive will render the proposed plat acceptable.

Plaintiffs thereafter filed a motion to compel the city to provide an *acceptable* basis for rejecting plaintiffs' plat, arguing that the amended reasons for rejection did not fall within those reasons permitted by the Land Division Act (LDA), MCL 560.101 *et seq.* The trial court denied this motion.

Both parties subsequently filed motions for summary disposition. Plaintiffs contended that there was no genuine issue of material fact regarding whether defendants denied plaintiffs' plat application without author-

ity or an appropriate basis. Defendants argued that the city commission's rejection of the plat was supported by the record and complied with the LDA, specifically asserting that the decision was based on rules of a municipality adopted to carry out the provisions of the LDA under MCL 560.105(b). The trial court denied plaintiffs' motion and granted defendants' motion on the grounds that the city commission had complied with the law, its decision had a rational basis, and the record supported it.

## II. ANALYSIS

On appeal, plaintiffs contend that the trial court erred in determining that the city commission's amended reasons for rejecting plaintiffs' plat were authorized by the LDA. We agree.

### A. STANDARD OF REVIEW

The trial court was acting as an appellate court in reviewing the decision of the city commission. *Cole's Home & Land Co, supra.* Accordingly, the following standard of review applies:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination *whether such final decisions, findings, rulings and orders are authorized by law*; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . . [Const 1963, art 6, § 28 (emphasis added); see also *Carleton Sportsman's Club v Exeter Twp,* 217 Mich App 195, 200-203; 550 NW2d 867 (1996).]

This Court reviews for clear error a circuit court ruling when reviewing an administrative decision. *Glennon v State Employees' Retirement Bd*, 259 Mich App 476, 478; 674 NW2d 728 (2003). "We will overturn the circuit court's decision only if we are left with the definite and firm conviction that a mistake has been committed." *Id.* This appeal also involves statutory interpretation, which presents a question of law that we review de novo. *Id.*

### B. CITY COMMISSION'S DECISION WAS UNAUTHORIZED BY LAW

The LDA confers on municipalities the power to approve or disapprove a proposed land division. MCL 560.109(1). However, that power is limited by MCL 560.106, which provides, "No approving authority or agency having the power to approve or reject plats shall condition approval upon compliance with, or base a rejection upon, any requirement other than those included in section 105." This Court has previously construed MCL 560.106 to mean that "a municipality cannot rely upon a reason not contained in § 105 to deny preliminary plat approval." *Eversdyk v Wyoming City Council,* 167 Mich App 64, 69; 421 NW2d 574 (1988); see also *Carlson v City of Troy,* 90 Mich App 543, 552; 282 NW2d 387 (1979).

Defendants contend that the city commission's rejection was supported by the Grand Rapids master plan, street classification policy, and street-calming program. Defendants assert that these are published rules of the municipality adopted to carry out the provisions of the LDA and, therefore, the city commission's rejection fell within MCL 560.105, which provides:

Approval of a preliminary plat, or final plat shall be conditioned upon compliance with all of the following:

* * *

(b) Any ordinance or published rules of a municipality or county adopted to carry out the provisions of this act.

There is no question that the Grand Rapids master plan, street classification policy, and street-calming program are not ordinances. The question is whether they are "published rules of a municipality or county adopted to carry out the provisions of [the LDA]." Because the LDA does not offer a definition for this phrase or any part thereof, we must construe the meaning of this provision.

" '[O]ur primary task in construing a statute, is to discern and give effect to the intent of the Legislature.' " *Neal v Wilkes,* 470 Mich 661, 665; 685 NW2d 648 (2004), quoting *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999). "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed, and further construction is neither required nor permitted." *Nastal v Henderson & Assoc Investigations, Inc,* 471 Mich 712, 720; 691 NW2d 1 (2005). "Undefined statutory terms must be given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions." *Halloran v Bhan,* 470 Mich 572, 578; 683 NW2d 129 (2004).

According to *Random House Webster's College Dictionary* (2001), a "rule" is "a principle or regulation governing conduct, procedure, arrangement, etc." This is distinguishable from mere guidelines, reports, or objectives, which, though *guiding* conduct, do not *regulate* or *govern* conduct. The difference is that guidance is permissive while regulation and governance are not. Thus, according to the ordinary meaning of "rule" and the plain language of MCL 560.105(b), we conclude that a published rule of a municipality or county adopted to

carry out the provisions of this act must actually regulate or govern conduct for the purpose of carrying out the provisions of the LDA. A publication that merely provides objectives or guidance does not constitute a "rule" as that term is used in MCL 560.105(b). Furthermore, for the purposes of MCL 560.105(b), the published rule must be adopted specifically for the purpose of carrying out the provisions of the LDA.

Applying the plain meaning of MCL 560.105(b), we conclude that none of the programs and policies relied on by defendants is a published county or municipal rule adopted to carry out the provisions of the LDA. Defendants first rely on the city's master plan. The city's master plan contains recommendations and proposals for land use as a general guide for city development. It includes proposals and general guidance for subdivision regulations, but does not itself constitute a subdivision regulation. The master plan provides that, if implemented, the tools for implementation are subdivision regulations. Those regulations are contained in the city code, not in the master plan. Defendants assert that the city's master plan offered "direction and support" for the city commission's decision to reject plaintiffs' plat. However, as discussed above, a rule does not merely provide direction and support; a rule regulates or governs conduct. The master plan is not a published municipal or county rule adopted to carry out the provisions of the LDA. For these reasons, defendants cannot rely on the guidelines of the master plan as a basis for rejecting plaintiffs' plat under MCL 560.105(b).

Defendants next rely on the city's street classification policy. Defendants assert that it is a "promulgated policy of the City of Grand Rapids." A "promulgated policy," generally speaking, is not a published rule.

Additionally, the street classification itself provides that it is merely a "report" that provides "objectives and guidelines." Further, it was adopted "in 1963 as part of the current Master Plan." As discussed above, the city's master plan is not a published municipal or county rule adopted to carry out the provisions of the LDA. Accordingly, the city's street classification policy, as part of the city's master plan, is also not a published municipal or county rule adopted to carry out the provisions of the LDA. Therefore, defendants cannot rely on the city's street classification policy as a basis for rejecting plaintiffs' plat under MCL 560.105(b).

Finally, defendants rely on the neighborhood traffic-calming program. This program was developed by the Grand Rapids Traffic Safety Department "to respond to citizen concerns regarding problems with vehicular traffic in their neighborhoods." It provides a procedure by which a citizen or neighborhood may contact the traffic safety department with traffic concerns. The traffic safety department then performs studies, discusses the results, and develops a traffic-calming plan. The program is clearly for implementation on existing streets to address citizen complaints about traffic. It was not adopted for any reason having anything to do with the LDA, subdivision regulations, or plat approval. Therefore, even if it is a published municipal rule, it was not adopted to carry out the provisions of the LDA. Accordingly, defendants cannot rely on the neighborhood traffic-calming program as a basis for rejecting plaintiffs' plat under MCL 560.105(b).

The master plan, street classification policy, and street-calming program relied on in support of the city commission's rejection of plaintiffs' plat are not municipal or county ordinances or published rules adopted to carry out the provisions of the LDA. Thus, defendants

have not cited any justification for the commission's decision that falls within MCL 560.105(b). Nor have defendants relied on any other subsection of MCL 560.105. Because the city commission's decision was not supported by a reason contained in MCL 560.105, it was not authorized by law under MCL 560.106. *Eversdyk, supra* at 69; *Carlson, supra* at 552.

Defendants contend, nonetheless, that the powers granted to municipalities by the Michigan Constitution "should include those that are fairly implied and not prohibited." More accurately, Const 1963, art 7, § 34 provides:

> The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

However, as this Court has previously recognized, MCL 560.106 clearly prohibits a municipality from relying on a reason not contained in MCL 560.105 to deny preliminary plat approval. *Eversdyk, supra* at 69; *Carlson, supra* at 552. In this case, we are asked to construe the meaning of MCL 560.105(b), of which even the most liberal construction does not permit a municipality to rely on guidelines, reports, or objectives, which, though guiding conduct or setting forth objectives, do not constitute published rules of a municipality or county adopted to carry out the provisions of the LDA. Nor does MCL 560.105(b) permit a municipality to rely on a published municipal rule that was not adopted for the purpose of carrying out the provisions of the LDA. Thus, even the most liberal construction of MCL 560.105(b) does not support defendants' contention that the city commission's rejection of plaintiffs' proposed plat was permitted under the LDA. The trial

court erred in determining that the city commission's rejection of plaintiffs' plat was authorized by the LDA.[1]

Reversed.

---

[1] Our resolution of this issue resolves the matter on appeal. Therefore, we need not address plaintiffs' other issues on appeal.