GOLONKA v DEPARTMENT OF EDUCATION

Docket No. 50152. Submitted January 6, 1981, at Detroit.—Decided March 25, 1981.

Lynn Golonka and the South Redford Education Association brought an action against the State of Michigan Department of Education and the South Redford School District, seeking mandamus to compel defendants to certify Lynn Golonka as a teacher consultant for special education programs and services. Plaintiffs subsequently moved for summary judgment, which motion was denied, and summary judgment was granted in favor of defendants, Wayne Circuit Court, James Montante, J. Plaintiffs appeal. *Held:*

The record supports the trial court's denial of mandamus. The trial court properly found that the State Department of Education reasonably interpreted the State Board of Education administrative rule pertaining to certification of special education teacher consultants. Plaintiffs did not have a clear legal right to performance of the specific duty which they sought to compel.

Affirmed.

1. SCHOOLS — SPECIAL EDUCATION — DEPARTMENT OF EDUCATION — TEACHER QUALIFICATIONS — ADMINISTRATIVE CODE — STATUTES.

An interpretation by the State Department of Education of an administrative rule promulgated by the State Board of Education to the effect that a teacher must have at least one year's experience teaching handicapped people in a self-contained, special education classroom in addition to other specified prerequisites in order to be certifiable as a teacher consultant for special education programs and services is reasonable when considered in light of the entire special education code (MCL

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools §§ 8, 128, 129, 132.
[2] 52 Am Jur 2d, Mandamus §§ 39, 40, 494.
[3] 52 Am Jur 2d, Mandamus §§ 31-38.
[4] 2 Am Jur 2d, Administrative Law §§ 241-243.
    73 Am Jur 2d, Statutes § 168.

380.1701, 380.1703; MSA 15.41701, 15.41703, 1979 AC R 340.1790).

2. MANDAMUS — APPEAL — ABUSE OF DISCRETION.

The issuing of writs of mandamus is discretionary with a trial court and will not be disturbed on appeal absent an abuse of discretion.

3. MANDAMUS — GROUNDS FOR MANDAMUS.

A writ of mandamus will issue only where a plaintiff has a clear legal right to performance of the specific duty sought to be compelled and the defendant has a clear legal duty to perform the act.

4. STATUTES — ADMINISTRATIVE RULES — JUDICIAL CONSTRUCTION.

The construction given a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons, and this principle should be afforded equal or greater weight in the context of administrative interpretations of departmental rules.

*Hiller, Howard, Larky & Hoekenga* (by *Daniel J. Hoekenga* and *Susan T. Ciullo)*, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young* and *Richard P. Gartner,* Assistants Attorney General, for defendant Department of Education.

*Miller, Canfield, Paddock & Stone* (by *Thomas P. Hustoles* and *Richard J. Seryak)*, for defendant South Redford School District.

Before: T. M. BURNS, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. The question on appeal is whether the trial court erred in denying plaintiff Golonka's motion for summary judgment, the practical effect of which was to deny her request for a writ of mandamus which would have compelled the Michi-

gan Department of Education to certify her as a teacher consultant.[1]

Plaintiff Golonka, certified by the State Board of Education as a general education teacher and a special education teacher, taught in the South Redford School District. As stipulated to by the parties, for more than ten years she has taught handicapped students with learning disabilities, who have been mainstreamed[2] with nonhandicapped students. She had not, however, completed at least one year of teaching experience in a special education classroom as a special education teacher. Because of her impending layoff as a general education teacher, she and the South Redford School District sought to determine whether the State Board of Education would approve her as a teacher consultant under Rule 340.1790, 1979 AC R 340.1790.

---

[1] Pursuant to the rule-making authority granted to it by the Michigan special education code, MCL 380.1701; MSA 15.41701, MCL 380.1703; MSA 15.41703, the State Board of Education promulgated Rule 340.1749, which defines a teacher consultant as follows:

"Rule 49. The teacher consultant for special education:

"(a) Shall provide services to pupils who have been identified as handicapped according to R 340.1703 to R 340.1714.

"(b) Shall provide services to pupils whose handicap is such that they may be educated effectively within a regular classroom if supportive service is provided to them.

"(c) Shall provide consultation to regular classroom teachers who have handicapped pupils integrated into their clasrooms.

"(d) May provide educational services to handicapped persons in their home.

"(e) May be employed as an itinerant staff person in 1 or more school buildings.

"(f) Shall carry an active case load of not more than 25 handicapped persons and all persons served under this rule shall be counted as part of the active case load.

"(g) May work with a regular classroom teacher for a total of not more than 10 consecutive school days to evaluate the educational needs of a person suspected of having an impairment as defined in R 340.1702." 1979 AC R 340.1749.

[2] Federal legislation, and rules adopted pursuant thereto to insure that handicapped children are educated with children who are not handicapped, mandates mainstreaming. 20 USC 1412(5)(B); 1414(a)(1)(C)(iv); 45 CFR 121a.550-121a.556 (1980).

Rule 340.1790 was promulgated by the State Board of Education pursuant to its authority under the special education code and provides as follows:

"Rule 90. A teacher consultant for special education programs and services shall meet the following requirements for full approval by the state board of education:

"(a) Full approval by the state board of education as a teacher in 1 or more areas of special education.

"(b) A minimum of 3 years of satisfactory teaching experience, *including at least 1 year of experience teaching handicapped pupils.*

"(c) Recommendation to the department, by letter, by the employing superintendent or his designee for approval as a teacher consultant. Evidence of experience and training shall be submitted with the request for approval." (Emphasis added.)

A representative from the South Redford School District sent a letter to the State Department of Education seeking its response to the following inquiry.

"Two of our laid off teachers are fully certified by the state board of education in one or more areas of special education. Although neither teacher has taught in a selfcontained classroom, both have taught many identified handicapped students that have been mainstreamed in their classrooms. Does their work with mainstreamed students qualify them for teacher consultant approval?"

The State Department's response was that "[a] person must have worked in a special education classroom as a special education teacher." In reliance upon this response, the South Redford School District refused to assign plaintiff Golonka to a position as a teacher consultant. She then began

direct correspondence with the State Department of Education. The defendant department interpreted the phrase "at least 1 year of experience teaching handicapped pupils" to mean that a teacher consultant must have at least one year of experience teaching handicapped people in a self-contained, special education classroom. Therefore, the department argued, even though plaintiff Golonka had taught handicapped students who had been mainstreamed into her general education classroom, she was not certifiable as a teacher consultant because she had not spent at least one year teaching handicapped students in a self-contained, special education classroom.

On August 28, 1979, plaintiff Golonka filed a complaint seeking a writ of mandamus to compel defendants to certify her as a teacher consultant under Rule 340.1790. In response to an order to show cause issued by the trial judge, the defendant Department of Education argued that the writ should be denied since, according to its interpretation of Rule 340.1790, plaintiff Golonka did not meet the requirements necessary to be a certified teacher consultant.

On December 10, 1979, plaintiffs filed a motion for summary judgment in which they claimed that defendants had failed to set forth a valid defense, GCR 1963, 117.2(2), and that there were no genuine issues of material fact, GCR 1963, 117.2(3). At a subsequent hearing held on this motion wherein both parties stipulated that there were no genuine issues of material fact, the trial court denied plaintiffs' motion and instead granted summary judgment in favor of defendants. Plaintiffs appeal as of right.

We note at the outset that had the trial court granted plaintiffs' motion for summary judgment, it would have been issuing mandamus.

The issuing of writs of mandamus is discretionary with the trial judge, and an appellate court will not disturb the trial court's ruling absent an abuse of discretion. *Carlson v City of Troy,* 90 Mich App 543, 547; 282 NW2d 387 (1979). In order for a writ of mandamus to be issued, a plaintiff must have a clear legal right to performance of the specific duties sought to be compelled. *Id.* The trial judge was not convinced that plaintiffs were entitled to mandamus as a matter of law and suggested that plaintiffs move for a declaratory judgment rather than for summary judgment. When plaintiffs persisted with their motion for summary judgment, the trial court denied it on the ground that plaintiffs were not entitled to mandamus.

The trial judge took the position that he should defer to the administrative expertise of the Department of Education and that he should not substitute his judgment for the department's. He also concluded that the interpretation placed on Rule 340.1790 by the department was reasonable when read in conjunction with the entire special education code.

The Supreme Court recently reaffirmed its position that the courts should pay some deference to interpretive rulings made by those charged with the duty of executing statutory grants of power.

" 'The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.' " *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977), citing *United States v Moore,* 95 US 760, 763; 24 L Ed 588, 589 (1877).

We believe this principle should be afforded at least equal, if not greater, weight in the context of administrative interpretations of departmental rules. Having reviewed the record and briefs, we concur with the trial judge's conclusion that the State Department of Education's interpretation of the rule in question is reasonable when considered in light of the entire special education code.

Since the interpretation placed on Rule 340.1790 is reasonable, plaintiff Golonka has no clear legal right to be promoted to the status of teacher consultant. Since the record contains evidence to support the trial court's denial of mandamus, we may not disturb its decision. *South Looking Glass Drainage Dist Board v Grand Trunk W R Co,* 357 Mich 215, 222; 98 NW2d 543 (1959). We find no error in its grant of summary judgment for the defendants.

Affirmed.