MICHIGAN EDUCATION ASSOCIATION v STATE BOARD OF
EDUCATION

Docket No. 92818. Submitted June 16, 1987, at Lansing. Decided
September 10, 1987.

The Michigan Education Association, the Garden City Education
Association and certain Garden City special education teachers
who were denied approval by the Department of Education to
teach autistic students under rules on instruction of autistic
students promulgated by the State Board of Education brought
an action in Ingham Circuit Court against the State Board of
Education, the Superintendent of Public Instruction and other
officials of the Department of Education. Plaintiffs alleged that
provisions in the rules granting temporary approval to teachers
who have full approval in one other area of special education
or who are recommended for approval by a college or univer-
sity and granting full approval under a "grandfather" clause to
those who have had teaching experience in a program specifi-
cally designed for autistic students were violative of their
constitutional rights to due process and equal protection. The
Michigan Society for Autistic Citizens was allowed to intervene
as a defendant and the circuit court, Jack W. Warren, J.,
subsequently granted summary disposition in favor of defen-
dants. Plaintiffs appealed.

The Court of Appeals held:

1. The circuit court did not err in ruling that the grandfather
clause is constitutional on its face. The clause serves the
purpose of protecting those who are currently employed. More-
over, since the clause grants full approval to persons who may

REFERENCES

Am Jur 2d, Administrative Law §§ 92 et seq.; 277 et seq.

Am Jur 2d, Constitutional Law §§ 804 et seq.

Am Jur 2d, Schools §§ 53 et seq.; 128 et seq.

Construction and application of 5 USCS § 553(a)(2), exempting from
Administrative Procedure Act's rulemaking requirements matters
relating to agency management or personnel or to public prop-
erty, loans, grants, benefits, or contracts. 41 ALR Fed 926.

See also the annotations in the Index to Annotations under Teach-
ers and Instructions.

not otherwise be granted full approval, there is a rational basis for restricting its applicability.

2. The circuit court did not err in ruling that the grandfather clause was constitutional as applied to the plaintiff teachers. The Department of Education properly interpreted the clause to apply only to teachers employed in a classroom program for autistic students at the time the clause was adopted and the department consistently applied the requirement of current employment to teachers who were on leave of absence and to new teachers who started teaching in the school year when the clause was adopted.

3. The circuit court correctly ruled that the plaintiff teachers were not denied due process by the delay in implementation of the temporary approval process. Although the plaintiff teachers had no statutory or contractual right to gain approval as teachers of autistic students which would be subject to the protections of due process, they were in fact granted temporary approval even before the temporary approval process was in place.

4. The circuit court correctly ruled that no violation of the rule-making process occurred when defendants delegated some of their rule-making power by allowing an outside body to establish standards under the part of the rules providing for temporary approval of teachers.

Affirmed.

1. Constitutional Law — Regulations Promoting Public Health, Safety and Welfare — Judicial Review.

Regulations to promote the public health, safety and welfare are given limited judicial review; such regulations are presumed to be constitutional and the party challenging them must show that they bear no reasonable relationship to legitimate governmental interests.

2. Administrative Law — Board of Education — Rules on Teachers of Autistic Students.

A rule adopted by the State Board of Education which granted a teacher full approval to teach autistic students when the teacher was currently employed in a program specifically designed for autistic students at the time the rule was adopted did not violate the rights to due process or equal protection of those teachers who, because they were not employed in a classroom program for autistic students at the time the rule was adopted, were not granted approval (1983 AACS, R 340.1799[3]).

3. ADMINISTRATIVE LAW — JUDICIAL REVIEW — ADMINISTRATIVE
        RULES.

   The construction given an administrative rule by the department
      charged with the duty of executing it is given respectful consid-
      eration upon judicial review and is not overruled without
      cogent reason.

4. CONSTITUTIONAL LAW — DUE PROCESS.

   A unilateral expectation or reliance, unsupported by statute or
      contract, does not create a vested property right entitled to the
      protections of due process.

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beckman* and *Sharon L. LaPointe*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistant Attorneys General, for defendants.

*William J. Campbell,* for intervening defendant Michigan Society of Autistic Citizens.

Before: DANHOF, C.J., and DOCTOROFF and T. M. GREEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an Ingham Circuit Court order granting summary disposition to defendants. Based upon stipulated facts, the circuit court found that rules promulgated by defendant State Board of Education, which set forth the requirements for approval of teachers of autistic students, were constitutional, both facially and as applied. Plaintiffs' claims focus on a "grandperson" clause of the rules, which grants automatic full approval to teachers currently employed in a program specifically designed for autistic children.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Prior to August, 1983, students with autism were considered emotionally impaired. During this period, students with autism were placed in programs for the emotionally impaired. Instructors in such programs were required to obtain approval as teachers of the emotionally impaired.

In Garden City, the classroom programs for the emotionally impaired were complemented by ancillary programs in which other special education teachers addressed specific learning needs such as communication, physical development and social interaction. Both the classroom teachers and the ancillary teachers received in-service training by Michigan State University in the needs of autistic students.

On July 7, 1983, the State Board of Education promulgated new rules on autism that became effective in August, 1983. 1983 AACS, R 340.1799 lists the requirements for teacher approval. Subsection (3) of Rule 340.1799 provides that teachers may be approved as follows:

> (3) A teacher currently employed in a program specifically designed for autistic students, as authorized in the intermediate school district plan, shall be granted full approval on the date this rule takes effect. Verification by the district's superintendent or the program supervisor of the autistic impaired program that the teacher has demonstrated knowledge and competency in the areas listed in subrule (2) of this rule shall be submitted to the department.

Subsection (2) provides for temporary approval of teachers who have full approval in one other area of special education or who are recommended for approval by a college or university.

All of the individual plaintiffs applied for full approval under subsection (3) of Rule 340.1799,

known as the grandperson clause. The individual plaintiffs were denied approval under the grandperson clause either because they had no teaching experience in a program specifically designed for autistic students or because full approval could not be predicated on experience attained through support or ancillary services.

Plaintiffs allege in their complaint that subsections (2) and (3) of Rule 340.1799, both facially and as applied, violate their due process and equal protection rights under the state and federal constitutions. The circuit court ruled that the grandperson clause was reasonably related to the remedy sought and that it was consistently applied. The circuit court also ruled that plaintiffs were not denied due process by the method of implementing formal approval procedures under subsection (2) of Rule 340.1799.

The trial court did not err in finding the grandperson clause of Rule 340.1799 constitutionally valid on its face. Under both the United States and Michigan Constitutions, review of regulations to promote the public health, safety and welfare is very limited. *New Orleans v Duke,* 427 US 297; 96 S Ct 2513; 49 L Ed 2d 511 (1976); *Blue Cross & Blue Shield of Michigan v Governor,* 422 Mich 1, 73; 367 NW2d 1 (1985), app dis — US —; 106 S Ct 40; 88 L Ed 2d 33 (1985). Such regulations are presumed to be constitutional. The party challenging the regulation must show that it bears no reasonable relationship to a legitimate governmental interest. If the regulation itself does not indicate its purpose, a rational basis may be found based on hypothesized reasons for the enactment. *Williamson v Lee Optical Co,* 348 US 483; 75 S Ct 461; 99 L Ed 563 (1955); *Council 23 American Federation of State, County & Municipal Employ-*

*ees v Wayne Co Civil Service Comm,* 32 Mich App 243; 188 NW2d 206 (1971).

Plaintiffs argue that the portion of the grandperson clause which requires that the person be "currently employed" bears no reasonable relationship to a legitimate governmental interest. Plaintiffs argue that requiring a teacher to be currently employed does not assure a requisite amount of knowledge. However, defendants advance a rational basis for the rule that is sufficient to sustain its constitutionality. The grandperson clause serves the purpose of protecting those who are currently employed. Moreover, since the grandperson clause grants full approval to persons who may not otherwise be granted full approval, there is a rational basis for restricting its applicability. Plaintiffs did not overcome the presumption of the clause's constitutionality. Therefore, the trial court did not err in finding that the grandperson clause was constitutional.

The trial court did not err in finding the grandperson clause valid as applied. Administrative interpretations of departmental rules are given respectful consideration and are not overruled without cogent reasons. *Golonka v Dep't of Education,* 106 Mich App 28; 308 NW2d 425 (1981). In *Golonka,* a teacher challenged a rule promulgated by the State Board of Education. The rule required at least one year of experience in teaching handicapped students in order to receive approval as a teacher consultant for special education programs. The Department of Education interpreted the rule to require at least one year of teaching handicapped people in a self-contained special education classroom. Plaintiff was denied full approval because she taught in a regular education classroom that had some handicapped students in it. This

Court found that the department's interpretation of the rule was reasonable.

In the present case, the grandperson clause grants full approval to teachers currently employed in a program specifically designed for autistic students. 1983 AACS, R 340.1758, which was promulgated at the same time as Rule 340.1799, provides that "programs for the autistic" means "classroom programs" for the autistic. Requiring teachers to be classroom teachers is rationally related to insuring that full approval is granted to those with experience in teaching a full classroom program for autistic students. As in *Golonka,* the department's interpretation is reasonable.

Nor did defendants inconsistently apply the term "currently employed." Plaintiffs argue that the grandperson clause was inconsistently applied because full approval was granted to classroom teachers who were on leave of absence in the 1982-83 school year while approval was denied to some individual plaintiffs who were assigned to begin teaching in the 1983-84 school year. However, the teachers who were on leave of absence were still employed by the district and entitled, because of seniority rights, to return to a teaching position in the autistic program. Additionally, each had taught in a program specifically designed for autistic students, assuring that each possessed classroom experience. The same cannot be said for the persons assigned to begin teaching in the 1983-84 school year.

Plaintiffs also argue that they were denied due process by the delay in implementation of the temporary approval process under subsection (2) of Rule 340.1799. Due process protects vested property rights or entitlements. *Board of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972). A unilateral expectation or

reliance does not create a vested property right. *City of Livonia v Dep't of Social Services,* 123 Mich App 1; 333 NW2d 151 (1983), aff'd 423 Mich 466 (1985). Rather, such a right must be derived from contract or statute. *Engquist v Livingston Co,* 139 Mich App 280; 361 NW2d 794 (1984). Plaintiffs had no right granted to them by statute or contract to gain approval as teachers of the autistic. Moreover, plaintiffs were granted temporary approval before the formal mechanism for temporary approval under subsection (2) was implemented. Therefore, plaintiffs were not denied due process.

Finally, plaintiffs argue that defendants unlawfully delegated their rule-making power by allowing an outside body to establish standards under subsection (2) of Rule 340.1799. The circuit court found that there had been no violation of the rule-making process. Having reviewed the record, we cannot find error warranting reversal.

The order of the circuit court is affirmed.