37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jeffery R. DYE, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 93-2342.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: MARTIN, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Jeffery R. Dye, a Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, Dye requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 4, 1980, following a jury trial, Dye was convicted of first-degree felony murder and possession of a firearm during the commission of a felony. He was sentenced to a term of life imprisonment without parole and a two-year term of imprisonment on the felony firearm charge to be served consecutively.
 
 
 3
 A history of Dye's post-conviction efforts to overturn his convictions is set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that Dye's petition for a writ of habeas corpus raises eight claims: 1) that he was denied his right to a fair trial when the trial court admitted evidence of his escape from custody while awaiting arraignment; 2) that he was denied his right to a fair trial when the trial court admitted into evidence a witness's statement that he had been threatened by Dye's brother; 3) that he was denied his right to a fair trial when the trial court allowed him to be impeached with a prior conviction; 4) that he was denied a right to a fair trial when the trial court failed to give an instruction that evidence of his escape from custody could not be used as substantive evidence of guilt; 5) that he was denied his right to due process of law when the trial court instructed the jury that they could not consider the felony firearm charge unless they first convicted Dye on one of the other charged felonies; 6) that he was denied his constitutional rights when the trial court failed to instruct the jury on the theory of accident and instructed the jury that malice or intent to kill could be inferred from the intent to commit the underlying felony; 7) that he was denied the effective assistance of counsel at trial and on appeal; and 8) that his constitutional rights were violated when a judge other than the trial judge presided over jury selection.
 
 
 4
 The magistrate judge recommended that the habeas petition be dismissed as meritless. The state filed objections to the magistrate judge's report and recommendations. The district court adopted the magistrate judge's report absent the parts objected to by the state. The state does not appeal, and these issues are not involved in this appeal.
 
 
 5
 Dye also raised one specific objection, regarding the malice instruction. The district court held that the malice instruction given in Dye's trial was not erroneous under state law.
 
 
 6
 Initially, we note that Dye has waived his right to appellate review of most of his habeas claims. In his objections to the magistrate judge's report and recommendation, Dye filed only a single objection, that being to the magistrate judge's decision on the malice instruction. Appellate review of any issue not contained in the objections to the magistrate judge's report is waived. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). No exceptional circumstances warrant excusing the objection requirement in this case. Therefore, only the claim regarding the malice instruction will be reviewed.
 
 
 7
 Upon review, we conclude that the district court properly denied Dye's habeas petition as Dye was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 8
 Dye's failure to object to the malice instruction at trial violates Michigan's contemporaneous objection rule. See People v. Kelly, 378 N.W.2d 365, 369 (Mich.1985). Procedural default did not, however, bar review of this claim by the court below, because the last state court to review the malice instruction addressed the merits of Dye's claim and did not rely on his failure to object at trial. The district court considering this habeas petition found that the instruction was not erroneous at the time of Dye's trial, and that therefore habeas relief should be denied.
 
 
 9
 The district court came to the correct conclusion. The changed rule with regard to the malice instruction, People v. Aaron, 299 N.W.2d 304, 326 (Mich.1980), was not law at the time of Dye's conviction. The Michigan courts have declined to apply Aaron retroactively, People v. King, 308 N.W.2d 425 (Mich.1981), and this court has held that this decision does not violate the Constitution. Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir.1985).
 
 
 10
 For the foregoing reasons, the request for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.