JANER v BARNES

Docket No. 298401. Submitted June 14, 2010, at Lansing. Decided June 17, 2010, at 9:00 a.m.

Mark Janer and Steven J. Jacobs brought an action in the Bay Circuit Court against Jennifer Cass Barnes and others, seeking a declaratory judgment, writ of mandamus, and injunctive relief to prevent Barnes from being designated an incumbent on the ballot for the position of 74th District Court Judge in the August 3, 2010, primary election. Plaintiffs argued that because Barnes had filed nominating petitions as a nonincumbent before the Governor appointed her to replace the judge who resigned and she assumed the duties of her office on June 1, 2010, Barnes was not entitled to the incumbency designation. The trial court, Fred L. Borchard, J., denied the requested relief, ruled that Barnes would be designated an incumbent, and dismissed the complaint with prejudice. Plaintiffs appealed.

The Court of Appeals *held*:

Const 1963, art 6, § 24, and MCL 168.467c(2) provide that incumbent judges must be given the incumbency designation on the ballot. They do not impose a time within which an incumbent judge must act in order to qualify for the incumbency designation. The only requirement for the incumbency designation on the ballot is the incumbent status of the judge. It is undisputed that Barnes attained that status on June 1, 2010, and was entitled to the incumbency designation.

Affirmed.

ELECTIONS — JUDGES — DISTRICT COURTS — BALLOTS — INCUMBENCY DESIGNATION.

An incumbent district court judge must be designated as an incumbent when a candidate for nomination or election to the same office; the only requirement for the incumbency designation on the ballot is the incumbent status of the judge; there is no time within which an incumbent candidate must act in order to qualify for the incumbency designation (Const 1963, art 6, § 24; MCL 168.467c[2]).

*Kim A. Higgs* for Mark Janer and Steven J. Jacobs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Michael J. Hodge* and *Scott R. Eldridge*), for Jennifer Cass Barnes.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Ann M. Sherman* and *Denise C. Barton*, Assistant Attorneys General, for the Secretary of State and the Department of State, Bureau of Elections.

*Braun Kendrick Finkbeiner P.L.C.* (by *C. Patrick Kaltenbach* and *Matthew A. Tarrant*) for the Bay County Clerk.

Before: O'CONNELL, P.J., and OWENS and BORRELLO, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order denying their request for a declaratory judgment, mandamus, and injunctive relief in this election case. We affirm.

In April 2010, plaintiffs and defendant Jennifer Cass Barnes timely filed nominating petitions to become candidates on the ballot for the position of 74th District Court Judge in the August 3, 2010, primary election. The position was designated a nonincumbent position, because incumbent Judge Scott J. Newcombe had announced his intention to resign on May 31, 2010. On April 23, 2010, Governor Jennifer M. Granholm appointed Barnes to replace Judge Newcombe and serve the remainder of his term. Barnes assumed the duties of her office on June 1, 2010.

Plaintiffs filed a complaint for a declaratory judgment, seeking a writ of mandamus and injunctive relief to prevent Barnes from receiving an incumbency designation on the primary election ballot. They argued that because Barnes filed nominating petitions to access the

ballot as a nonincumbent, and because her appointment occurred after the deadline for incumbent judges to access the ballot, she is not entitled to the incumbency designation on the ballot. The trial court denied the requested relief, ruled that Barnes will have the incumbency designation on the August primary election ballot, and dismissed the complaint with prejudice.

This Court reviews de novo a trial court's ruling in a declaratory judgment action. *Toll Northville Ltd v Northville Twp*, 480 Mich 6, 10; 743 NW2d 902 (2008). This Court also reviews de novo issues of constitutional and statutory law. *Wayne Co v Hathcock*, 471 Mich 445, 455; 684 NW2d 765 (2004).

Incumbent judges must be given the incumbency designation on the ballot as a matter of constitutional and statutory law. Const 1963, art 6, § 24, provides: "There shall be printed upon the ballot under the name of each incumbent justice or judge who is a candidate for nomination or election to the same office the designation of that office." The Legislature codified this provision to require the incumbency designation on the ballot for incumbent district court judges: "There shall be printed upon the ballot under the name of each incumbent district judge who is a candidate for nomination or election to the same office the designation of that office." MCL 168.467c(2). The word "shall" denotes mandatory conduct. See *Hughes v Almena Twp*, 284 Mich App 50, 62; 771 NW2d 453 (2009) ("The word 'shall' as used in a statute is considered to require mandatory conduct."); *Goldstone v Bloomfield Twp Pub Library*, 268 Mich App 642, 657; 708 NW2d 740 (2005) ("[T]he term 'shall' . . . is universally recognized as requiring mandatory adherence."), aff'd 479 Mich 554 (2007).

Const 1963, art 6, § 24, and MCL 168.467c(2) are unqualified mandates. They do not impose a time

within which an incumbent candidate must act in order to qualify for the incumbency designation. Because the language is clear and unambiguous, judicial interpretation is not permitted, and the provisions must be enforced as written. *Huggett v Dep't of Natural Resources*, 464 Mich 711, 717; 629 NW2d 915 (2001). The only requirement for the incumbency designation on the ballot is the incumbent status of the judge, which it is undisputed that Barnes attained on June 1, 2010. Accordingly, she is entitled to the incumbency designation.

Lastly, we note that our affirmance of the trial court's decision in this matter does not alter the ballot language and, accordingly, the issues presented by defendant Bay County Clerk are moot.

Affirmed. No costs are to be assessed, a public question being involved. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).