*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Petition of INGHAM COUNTY
TREASURER for Foreclosure.

| | |
|---|---|
| INGHAM COUNTY TREASURER, | FOR PUBLICATION |
| | January 21, 2020 |
| Petitioner-Appellant, | 9:05 a.m. |
| v | No. 346626 |
| | Ingham Circuit Court |
| FAIEK ZEINEH, | LC No. 17-000439-CZ |
| Respondent-Appellee. | |

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

BOONSTRA, P.J.

Petitioner appeals by right the trial courts' orders granting respondent relief from judgment, setting aside a judgment of foreclosure, and denying reconsideration. We reverse and remand for entry of an order denying petitioner's motion for relief from judgment and for the reinstatement of the judgment of foreclosure.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In February 2018, petitioner foreclosed on the property known as 1024 Regent Street in Lansing, due to unpaid property taxes. Petitioner sent notice of the delinquent taxes and imminent foreclosure to the entity that held a recorded ownership interest in the property, as well as to "occupant" at the Regent Street address. Petitioner also posted a notice of foreclosure proceedings at the property and published a notice of foreclosure in a local newspaper. Respondent was not notified and did not participate in the foreclosure proceedings, which resulted in a judgment of foreclosure entered on February 21, 2018.

In June 2018, respondent filed a motion for relief from judgment, asserting that he had an interest in the property by virtue of an unrecorded land contract, and that petitioner had erred by not notifying him of the foreclosure proceedings. Specifically, he argued that in 2016 he had

paid delinquent taxes on the property for tax year 2014, that this payment was recorded in petitioner's tax records, and that petitioner therefore had a statutory duty to send him notice of the proceedings.

At a hearing held on the motion for relief from judgment, respondent conceded that petitioner had no way of knowing about respondent's land-contract interest, but petitioner acknowledged that respondent had paid the 2014 taxes. The trial court granted respondent's motion and set aside the judgment of foreclosure, stating:

> The question here is really one of notice, and I would agree that the land contract should have been filed, except . . . many are not. People don't think about it until they actually pay off the property.
>
> I do have the tax record where he was a known person because he did pay taxes . . . for the tax year 2014. This is 2015 and prior years, so he would have been known. I think that's really the argument, and then do we have notice.
>
> I'm going to set aside the default and grant [respondent's attorney] what he seeks. . . . [B]ut when there's a question of whether a person gets to keep his personal property or real property, as it may be, and there's an issue of notice, I'm going to read the statute in the favor of the person who thought they were doing right, because these are very complicated matters, and I don't think it's as clear when one section references another, and I have two very fine lawyers arguing two very different things on the same statute. The statute . . . can be read both ways . . . . [L]istening to the arguments, looking at the statute, I'm going to weigh in favor of the individual, because the county has cashed [sic] money and really was put on notice that there's something more involved here, and they had the record in their own file, so judgment is for [respondent].

The trial court subsequently denied petitioner's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion for relief from judgment, *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008), as well as on a motion for reconsideration, *Kokx v Bylenga*, 241 Mich App 655, 658-659; 617 NW2d 368 (2000). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Waterous Co*, 279 Mich App at 380. "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). We review de novo constitutional issues and issues of statutory interpretation. *Janer v Barnes*, 288 Mich App 735, 737; 795 NW2d 183 (2010).

## III. ANALYSIS

-2-

Petitioner argues that it complied with the notice requirements of MCL 211.78i, and that the trial court erred by setting aside the judgment of foreclosure on the ground that respondent had not been provided notice of the proceedings. We agree.

A citizen's right to due process of law is guaranteed under both the United States and Michigan Constitutions. US Const, Am XIV, § 1; Const 1963, art 1, § 17. "Due process protects vested property rights or entitlements." *Mich Ed Ass'n v State Bd of Ed*, 163 Mich App 92, 98; 414 NW2d 153 (1987). Our Supreme Court has held that Michigan's General Property Tax Act (GPTA)[1] contains an "extensive set of procedures for notice of the steps in the tax sale process" that provides "a constitutionally sound procedure for sale of property because of nonpayment of taxes." *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 428-429; 617 NW2d 536 (2000).

Under MCL 211.78g(1), "on March 1 in each tax year, . . . property that is delinquent for taxes, interest, penalties, and fees for the immediately preceding 12 months or more is forfeited to the county treasurer for the total amount of those unpaid delinquent taxes, interest, penalties, and fees." MCL 211.78k authorizes the trial court to issue a final judgment on a petition for foreclosure after holding a hearing at which persons claiming interests in the property may contest the validity or correctness of the taxes, interest, penalties, or fees at issue for specified reasons. MCL 211.78j requires a foreclosing governmental unit to hold a hearing at least seven days before the foreclosure hearing and allow persons with interests in property forfeited to the county treasurer to show cause why the property should not be foreclosed upon.

MCL 211.78i, which is at the heart of the issue in this case, sets forth procedures for identifying and notifying property owners in connection with these show cause and foreclosure hearings. MCL 211.78i(1) requires a foreclosing governmental unit to "initiate a search of records identified in subsection (6) to identify the owners of a property interest in the property who are entitled to notice under this section of the show cause hearing . . . and the foreclosure hearing . . . ." MCL 211.78i(6) states that "[t]he owner of a property interest is entitled to notice under this section of the show cause hearing . . . and the foreclosure hearing . . . if that owner's interest was identifiable by reference to any of the following sources;" it then specifies, in subpart (a), "[l]and title records" on file with the register of deeds, and, in subparts (b), (c), and (d), "[t]ax records" on file with, respectively, the county treasurer, the local assessor, and the local treasurer.

MCL 211.78i(2) states that a foreclosing governmental unit, after searching the records identified in subsection (1), "shall determine the address reasonably calculated to apprise those owners of a property interest of the show cause hearing . . . and the foreclosure hearing . . . and shall send notice . . . by certified mail, return receipt requested, not less than 30 days before the show cause hearing . . . ."

Here, the parties agree that respondent's land contract was not recorded, and that the only record connecting respondent's name to the foreclosed property was the tax record showing his payment of delinquent taxes for the 2014 tax year. We conclude that the plain language of

---

[1] MCL 211.1a *et seq*.

MCL 211.78i(1) and (6) did not require petitioner to send notice of the foreclosure to petitioner merely because he had once paid delinquent taxes on the property.

The primary purpose of statutory construction is to ascertain and give effect to the intent of the Legislature. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995). "[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Gross v Gen Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). When construing a statute, a court should presume that every word has some meaning, *Tiger Stadium Fan Club, Inc v Governor*, 217 Mich App 439, 457; 553 NW2d 7 (1996), but we may not read requirements into a statute that do not appear in its plain language, *Nickola v MIC Gen Ins Co*, 500 Mich 115, 125; 894 NW2d 552 (2017).

Again, MCL 211.78i(1) calls for a foreclosing governmental unit to "initiate a search of records identified in subsection (6) to identify the *owners* of a property interest in the property who are entitled to notice." (Emphasis added). MCL 211.78i(6) states that an "owner" whose "interest was identifiable by reference" to certain records is entitled to notice of the foreclosure proceedings. In other words, MCL 211.78i(1) requires a foreclosing entity to search the records identified in MCL 211.78i(6), not merely for the names of persons or entities connected in any way to the property under threat of foreclosure, but for records that reveal an ownership interest. Respondent admits that his ownership interest in the property was not recorded. The mere fact that a record existed of respondent's payment of one year's delinquent taxes on the property was insufficient to identify any ownership interest. A person or entity may pay property taxes on property that they do not own. The plain language of MCL 211.78i does not require petitioner to send notification of foreclosure to every person or entity who has ever made a tax payment on a property at risk of foreclosure, and we will not read such a requirement into the statute. *Gross*, 448 Mich at 160; *Nickola*, 500 Mich at 125; *Smith*, 463 Mich at 430 ("The courts lack the authority to create new notice requirements.").

Respondent knew that his interest in the property was unrecorded, and could have taken steps to make sure that he was kept informed of potential risks to his interest. Indeed, MCL 211.78a(4) specifically provides a mechanism by which persons such as respondent could ensure their receipt of notice merely by paying "an annual fee not to exceed $5.00 . . . to the county treasurer and specifying "the address to which the notice shall be sent." We conclude that petitioner diligently satisfied the statutory notice requirements of the GPTA. Respondent chose to disregard at his own risk "the costly and laborious record systems instituted to protect [his] rights in the property," and the trial court erred by granting him relief from judgment on the ground that he had not received adequate notice. *First Nat'l Bank of Chicago v Dep't of Treasury*, 280 Mich App 571, 593; 760 NW2d 775 (2008) (O'CONNELL, J., dissenting) reversed for reasons stated in the dissenting opinion by 485 Mich 980 (2009).

Again, the notice procedure proscribed by the GPTA has been found to be constitutionally valid. See *Smith*, 463 Mich at 428-429, see also *First Nat'l Bank of Chicago v Dep't of Treasury*, 485 Mich 980; 77 4 NW2d 912 (2009) (YOUNG, J., concurring) ("[T]he constructive notice provided by recording a certificate of forfeiture pursuant to MCL 211.78g(2) provides constitutionally adequate notice for those property interests that are unknown and not of record at the time the property is forfeited to the county treasurer."). Petitioner followed that

procedure. We conclude that respondent was not deprived of a statutory or constitutional right to notice of the foreclosure proceedings. The trial court erred by concluding otherwise. See *Smith*, 463 Mich at 430.

Because we hold, for the reasons stated, that the trial court erred by granting respondent relief from judgment, we decline to consider petitioner's additional arguments in favor of reversal.

Reversed and remanded for entry of an order denying petitioner's motion for relief from judgment and for the reinstatement of the judgment of foreclosure. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica